IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HARBor )<br>COMMUNICATIONS, LLC )<br>BOIHEM INVESTMENT )<br>COMPANY, LLC, and J & L, )<br>LLC, )<br>    )<br>    Plaintiffs, )<br>    )<br>v. )<br>    )<br>SOUTHERN LIGHT, LLC, )<br>ANDREW M. NEWTON and )<br>EDWARD W. FORBESS, )<br>    )<br>    Defendants, ) | CIVIL ACTION NO.<br>14-00403-CB-B |

## ORDER

This matter is before the Court on Plaintiffs' motion to remand this action to state court. After due consideration of the motion (Doc. 10), Defendants response (Doc. 18) and Plaintiffs' reply (Doc. 19), the Court finds that remand is required because removal was untimely.

**Background**

This action was filed in the Circuit Court of Baldwin County, Alabama on March 29, 2013 by Plaintiffs Harbor Communications, LLC, (Harbor), Boihem Investment Company, LLC and J & L, LLC. The complaint alleged only state law causes of action against Defendants Southern Light, LLC, Andrew M. Newton and Edward W. Forbess, arising from the alleged unauthorized conveyance of Harbor's facilities and equipment to Southern Light.[1] According to the Complaint, the

---

[1] All of the parties are Alabama citizens.

ultimate result of this wrongful conveyance was that Southern Light charged Harbor approximately $700,000 per year to use equipment that Harbor rightfully owned.

After the state court litigation was commenced, Southern light began refusing to allow Harbor's new customers to interconnect to Southern Lights fiber optic lines and facilities.  On June 24, 2014, Plaintiffs filed a Motion for Temporary Restraining Order (TRO) and Preliminary Injunction in the state court action requesting an order "prohibiting Southern Light from refusing interconnection requests from Harbor and/or allowing Harbor the type of access to its equipment that would allow Harbor to interconnect through an alternate network service provider." (Pls.' Br., Ex 2, Doc. 1-1, p. 49.)

In its brief in support of the motion, Harbor argued that it met the requirements for obtaining preliminary injunctive relief under state law.  Among those requirements was the proof that the movant "'has at least a reasonable chance of success on the ultimate merits of his case.'"  (*Id.* Ex. 3 )(quoting *Holiday Isle, LLC v. Adkins*, 12 So. 3d 1173, 1176 (Ala. 2008)).  Because the basis of Plaintiffs' success-on-the-merits arguments is key to the removal issue, it is quoted verbatim:

> First, federal statutes and their supporting regulations clearly demonstrate that Southern Light has a duty to interconnect with Harbor.  The controlling statutory authority is the Telecommunications Act of 1996.  The Act states that "Each telecommunications carrier has the duty…to interconnect directly or indirectly with the facilities or equipment of other telecommunications carriers."  47 U.S.C. § 251(a).  The regulations implementing that federal statute are equally clear on this duty.  The regulations define a "Telecommunications Carrier" as "any provider of telecommunications services."  47 C.F.R. § 515.  The regulations echo the statutory text by stating, "Each telecommunications carrier has the duty…to interconnect directly or indirectly with the facilities and equipment of other telecommunications carriers."  *Id.* at § 51.100.  As a "Telecommunications carrier," Southern Light has an unambiguous

>    duty to interconnect with Harbor, just as AT&T has a duty to
>    interconnect with Harbor and Southern Light.
>         Second, Southern Light has repudiated its agreement with
>    Boihem that it would accept new orders from Harbor in exchange for
>    its infrastructure's presence on Boihem's tower sites.
>         Third, Southern Light has taken the position in this litigation
>    that the MSA is valid and enforceable.  Southern Light should not be
>    permitted to take this position, yet simultaneously deny Harbor the
>    basic service connections inherent in that agreement.  Southern Light
>    has stated that it will not connect Harbor "as long as there's pending
>    litigation."  Because the MSA obligates Southern Light to interconnect
>    with Harbor, Southern Light will carry a duty of interconnection *even
>    if it prevails in the underlying lawsuit* and proves that the MSA is valid
>    and enforceable.

(*Id.*)

In their August 25, 2014 response to Plaintiffs' motion, Defendants addressed Plaintiffs' first success-on-the-merits argument under the heading "Southern Light has no statutory duty to provide service to Harbor [under 47 U.S.C. § 251(a)]." (*Id.*)  On the same day, Plaintiffs filed an amended motion for TRO and preliminary injunction "to request that the Court award, in addition to all other relief to which Plaintiff is entitled, a reasonable attorney's fee and costs of litigation pursuant to 47 U.S.C. § 207." (*Id.* Ex. 4.)  A hearing was held on August 26, 2014.  On August 28, 2014, Defendants filed a "Motion to Dismiss or Strike Plaintiffs' Federal Telecommunications Act Claim."  (Doc. 1-5, 58.)  The state court denied that motion on August 29, 2014.[2]  That same day, Defendants filed a Notice of Removal in this Court.

Defendants invoke removal jurisdiction under 28 U.S.C 1441(a) based on original jurisdiction under 28 U.S.C. § 1331, which gives federal court original

---

[2] The state court record attached to the Notice of Removal does not contain an order or notice of ruling on the motion to dismiss or strike.  However, Defendants state in their Notice of Removal that the motion was denied on August 29, 2014.

jurisdiction over civil actions arising under federal laws.  The federal question claim or claims giving rise to jurisdiction, according to the Notice of Removal, are found in the Amended Motion for TRO wherein "Harbor is pursuing claims under the Telecommunications Act of 1996," which include attorney's fees and costs pursuant to 47 U.S.C. § 207 and allegations that Southern Light violated 47 U.S.C. §§ 251, 201 and 202."  (Doc. 1 ¶ 15.)

**Legal Analysis**

The question before the Court is whether the notice of removal was timely.  The procedure for removal is governed by 28 U.S.C. § 1446, which sets a 30-day removal window.  If the case was not initially removable, "a notice of removal may be filed within 30 days after [the defendant's receipt] . . . of a copy of an amended pleading, motion order, or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly.  *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).  Though not jurisdictional, the 30-day removal period is "a strictly applied rule of procedure that may not be extended by the court."  *BBC Apartments, Ltd. v. Browning*, 994 F. Supp. 1440, 1442 (S.D. Fla. 1997).  The removing party has the burden of demonstrating that removal was proper.  *Id.*

"[F]ederal-question jurisdiction is invoked by and large by plaintiffs pleading a cause of action created by federal law."  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).  Plaintiffs argue that notice of the Telecommunications Act claim was contained in the original Motion for

TRO/Preliminary Injunction ("the Motion") which Defendants received more than 30 days prior to removal.  Defendants counter that they did not receive notice of a *cause of action* made under the Telecommunications Act until Plaintiffs filed their Amended Motion for TRO/Preliminary Injunction ("the Amended Motion") adding a claim for attorney's fees under the Act. More specifically, Defendants contend the Motion did not assert a cause of action at all, and, if it did, the cause of action was actually a state law claim for preliminary injunctive relief.  These arguments twist the traditional definition of a motion for preliminary injunction.

A motion for preliminary injunction is a pleading by which a party seeks "an extraordinary and drastic remedy" when "drastic relief is necessary to preserve the status quo." *All Care Nursing Serv., Inc. v. Bethesda Mem. Hosp., Inc.*, 887 F.2d 1536, 1537 (11th Cir. 1989); *see also Spinks v. Automation Personnel Servs., Inc.*, 49 So.3d 186 (Ala. 2010).  Whether a motion for preliminary injunction is brought in state or federal court, relief will be granted only if the movant shows, *inter alia,* a substantial likelihood of success on the merits of his underlying claim.  *Siegel v. LaPore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (per curiam) (en banc);  *Barber v. Cornerstone Community Outreach, Inc.*, 42 So.3d 65, 78 (11th Cir. 2009).  "[A]ny motion or suit for a traditional injunction must be predicated upon a cause of action. . . . regarding which a plaintiff must show a likelihood or actuality of success on the merits." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004).

Plaintiffs' Motion was not tied to any cause of action asserted in the complaint, but that does not mean there was no underlying cause of action.[3] The Motion cited three claims that allegedly entitled Plaintiffs to preliminary injunctive relief: a cause of action arising from the Telecommunications Act and two state-law causes of action.[4]

Defendants, however, do not concede that Plaintiffs' reliance on federal law as a basis for success on the merits is the same as alleging a cause of action under federal law. Instead, they point out that "asserting the violation of a federal statute in connection with a state law claim is not the same thing as alleging a cause of action created by federal law." (Defs.' Rsp. 8, Doc. 18 (emphasis omitted)). Next, they argue that the motion for preliminary injunction is, itself, the state law cause of action and imply that the alleged Telecommunications Act violation is nothing more than an element of that claim. The fallacy in this argument is clear. A motion for preliminary injunction is not a cause of action. It is a procedural mechanism by which a party may obtain relief. In the Motion, Plaintiffs sought a preliminary injunctive relief based on both federal and state law causes of action. Defendants should have removed this action within thirty days after receiving notice of the Motion.

---

[3] It would certainly have simplified matters if Plaintiffs had amended their complain to include the claims asserted in the Motion for TRO/Preliminary Injunction. Nevertheless, the Motion was sufficient to put Defendants on notice of a federal-law cause of action. Furthermore, Defendants' argument is undercut by the fact that the Notice of Removal was based on the Amended Motion for TRO Preliminary Injunction, which also is not tied to any claim asserted in the Complaint.

[4] Defendants argue that they were not on notice of a federal cause of action until Plaintiffs amended the Motion to assert a claim for attorney's fees under the Telecommunications Act. This argument undermines Defendants' argument that the Motion did not plead a cause of action.

Even if removal was untimely, Defendants alternatively argue, this Court should ignore the 30-day removal requirement because the state court has no jurisdiction over the federal claim. Defendants point out that only federal district courts and the Federal Communications Commission have jurisdiction over Telecommunications Act claims. *AT&T Corp. v. Coeur d'Alene Tribe*, 295 F.3d 899, 905 (9th Cir. 2002). Defendants rely on three cases in which district courts have used exclusive federal jurisdiction as a basis for ignoring the removal statute's procedural requirements. In *Barefield v. State Farm & Cas. Co.*, 296 F.Supp.2d 741 (S.D. Tex. 2003), the court concluded that timeliness of removal was irrelevant because federal courts had original exclusive jurisdiction over the plaintiff's claim under the National Flood Insurance Program. Unfortunately, *Barefield* creates an exception to the removal statute without actually addressing the statute itself. Section 1446(b) makes no distinction between cases involving exclusive jurisdiction and those involving concurrent jurisdiction. It simply and clearly requires that the notice of removal be filed within 30 days after receipt of the complaint or, as in the instant case, the paper from which the basis for removal can be ascertained. *See* 28 U.S.C. § 1446(b)(1) and (b)(3). The other cases cited by Defendant are similarly flawed. *Morris v. Simsol Ins. Servs.,* 2013 WL 6590584 (W.D. La. Dec. 16, 2013), followed *Barefield* without discussion. In *Fitzgerald v. Bestway Servs., Inc.* 284 F.Supp.2d 1311 (N.D. Ala. 2003), the court actually found that removal *was* timely under the last-served defendant rule but stated in *dicta* that it "would be required to exercise jurisdiction over the explicit ERISA claim even if [ ]removal had not been timely." *Id.* at 1317. Like the *Barefield* decision, *Fitzgerald* does not discuss the

7

removal statute or provide any analysis to support this *de facto* exception to the removal statute.

The cases cited above, which represent the minority view, run contrary to the longstanding principle that "all rules governing removal. . . must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction." *Russell Corp v. American Home Assur. Co.*, 264 F.3d 1040, 1049 (11th Cir. 2001).  Thus, the majority of courts that have addressed the issue have concluded that "removal is permitted only if the statutory requirements have been satisfied and the fact that the Court might have exclusive jurisdiction does not dispense with the necessity of complying with the statutory requirements." *Bradwell v. Silk Greenhouse, Inc.,* 828 F.Supp. 940, 944 (M.D. Fla. 1993); *accord Pix v. Alper*, 2014 WL 3927536 (W.D. Wash. Aug. 12, 2014) ("courts have consistently rejected the argument that a removing defendant does not have to comply with the rule of unanimity simply because exclusive federal jurisdiction exists"); *Nichols v. HealthSouth Corp.*, 2012 WL 3929797 (N.D. Ala. Sept. 10, 2012) (recognizing that "a claim providing for exclusive federal jurisdiction does not exempt defendants" from removal statute's procedural requirements); *Harbour Light Towers Assoc. v. Ameriflood, LLC,*  2011 WL 2517222 (M.D. Fla. June 23, 2011) (granting motion to remand based on defect in removal procedure even though federal court had exclusive jurisdiction based on National Flood Insurance Act); *Malone v. Malone*, 2007 WL 789449 (D. Or. Mar. 13, 2007) ("the court would add this case to the apparent majority" requiring remand in cases of defective removal even if exclusive ERISA jurisdiction existed); *Viala v. Owens-Corning Fibeglas Corp.*, 1994

WL 139287, *2 n. 3 (N.D. Cal. Apr. 13, 1994) ("nothing in the language of sections 1441 or 1446 or in the case law surrounding these sections lends credence" to defendant's claim that procedural removal requirement need not be met if the federal question is one over which the federal court has exclusive jurisdiction); *Samuel v. Langham*, 780 F.Supp. 424, 427 (N.D. Tex 1992) (remanding case based on removal defect even if exclusive ERISA jurisdiction applied); *McCain v. Cahoj*, 794 F.Supp. 1061 (D. Kan. 1992) (assuming existence of exclusive federal jurisdiction over federal crop insurance claim and nevertheless remanding for defect in removal procedures).

While it may seem counterintuitive to remand a case over which the state court arguably has no jurisdiction, a defendant in this situation "may bring whatever motions it deems appropriate in the state court proceeding." *Harbor Light,* 2011 WL 2517222 at *6.  This Court has been informed that the state court denied Defendants' motion to dismiss the Federal Telecommunications Act claim.  Apparently, only after that order was entered did the Defendants remove this action.  However, this Court is not a state appellate court, and removal is not the appropriate method for challenging a state court's ruling.

**Conclusion**

For the reasons set forth above, the motion to remand is **GRANTED**.  This action is hereby **REMANDED** to the Circuit Court of Baldwin County, Alabama.

**DONE** and **ORDERED** this the 2nd day of February, 2015.

s/*Charles R. Butler, Jr.*
**Senior United States District Judge**